Keith J. Miller
Bradley A. Suiters
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place #302
Newark, NJ 07102
(973) 690-5400
kmiller@rwmlegal.com
bsuiters@rwmlegal.com

*Attorneys for Defendants*
*InfoRLife SA and WG Critical Care LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HIKMA PHARMACEUTICALS USA, INC., *Plaintiff,* v. INFORLIFE SA and WG CRITICAL CARE, LLC, *Defendants.* | Civil Action No. 3:25-cv-13688-RK-JTQ **ORDER GRANTING MOTION TO SEAL** |

**THIS MATTER** having come before the Court pursuant to the motion of Defendants InfoRLife SA and WG Critical Care, LLC (together, "Defendants") pursuant to Local Civil Rule 5.3(c), to seal confidential information from the transcript of the December 15, 2025 Teleconference before the Honorable Robert Kirsch, U.S.D.J. ("Confidential Material"); and the Court having considered the written submissions of the parties; and the Court having determined that this action involves allegations regarding the disclosure of confidential and proprietary information; and the Court having further found that the standards of Local Civil Rule 5.3(c)(3)

have been met and support the sealing of the Confidential Material; and for good cause having been shown; the Court makes the following findings and conclusions:

## FINDINGS OF FACT

1.      On December 15, 2025, the parties appeared for a scheduled Teleconference before the Honorable Robert Kirsch, U.S.D.J.

2.      During that Teleconference, confidential information of Defendants was discussed and is recorded in the transcript.

3.      The Confidential Material is derived from documents that Defendants designated as confidential information.

4.      The Confidential Material that is the subject of the instant motion to seal is highly sensitive and confidential information relating to Defendants' sensitive research and development efforts.

5.      The parties appear to have safeguarded and protected the confidentiality of this information.

6.      Severe injury to Defendants will result if the Court does not permit this information to remain under seal and be redacted. As a result, the public disclosure of these documents would serve no legitimate purpose, nor would it aid in promoting fairness or efficiency among the Parties to this action.

7.      Defendants have a strong and legitimate interest in protecting the Confidential Material from being disclosed to the public.

8.      A less restrictive alternative to the relief sought herein is not available.

9.    The Defendants' request is narrowly tailored to only the confidential information contained in the transcript of the Teleconference.

10.    For these reasons, good cause exists for protecting the Defendants' highly sensitive and confidential information relating to Defendants' sensitive research and development efforts.

## CONCLUSIONS OF LAW

11.    A "court may, for good cause, issue an order to protect a part or person from annoyance, embarrassment, oppression, or under burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed." *Fed. R. Civ. P.* 26(c)(1)(G).

12.    "[T]he inclusion of . . . confidential information in documents warrants the sealing of such documents. [Thus, a] well-settled exception to the [public's] right of access [to information] is the protection of a party's interest in confidential commercial information . . . where there is sufficient threat of irreparable harm." *Bed Bath & Beyond, Inc. v. Sears Brands, LLC*, No. 08-5839-SDW, 2012 WL 4061948, at *4 (D.N.J. Sept. 11, 2012) (internal quotation marks omitted) (quoting *In re Gabapentin Pat. Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004)). For that reason, "the presence of . . . confidential information weighs against public access and . . . documents containing such information may be protected from disclosure." *Id.* (internal quotation mark omitted).

13.    The transcript of the December 15, 2025 Teleconference contains Defendants' confidential information within the meaning of *Fed. R. Civ. P.* 26(c)(1)(G).

14.    Accordingly, the Court finds that good cause exists to maintain the sealing of the transcript at issue and to file redacted versions of the transcript publicly, as requested by the

Defendants without objection, under the considerations set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and Local Civil Rule 5.3(c).

For the reasons set forth above, as well as good cause shown:

**IT IS** on this  20th  day of  April , 2026

**ORDERED** the Defendants have complied with the stricture of Local Civil Rules 5.3(c), 5.3(g) and 7.1; and it is further

**ORDERED** that the Defendants' motion to seal is hereby GRANTED; and it is further

**ORDERED** that the aforementioned Confidential Material shall be permanently sealed and maintained under seal by the Court.

_____
Hon. Justin T. Quinn, U.S.M.J.

*Terminates ECF 44

- 4 -